IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 15, 2012 Session

**JUDY KYLE v. CITY OF JACKSON, TENNESSEE**

**Direct Appeal from the Circuit Court for Madison County**
**No. C-09-225      Roger A. Page, Judge**

**No. W2011-02391-COA-R3-CV - Filed September 7, 2012**

This is a Governmental Tort Liability Case. The trial court determined that Appellant was at least 50% at fault for the injuries she sustained when she fell from an elevated stage at an event held at a building, which is owned and operated by Appellee City of Jackson. Discerning no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Spencer R. Barnes, Jackson, Tennessee, for the appellant, Judy Kyle.

Robert O. Binkley, Jr. and James V. Thompson, Jackson, Tennessee, for the appellee, City of Jackson, Tennessee.

**OPINION**

On September 12, 2008, Appellant Judy Kyle attended a dinner theater event, which was held at the Ned R. McWherter Cultural Arts Center (a/k/a "The Ned"). The Ned is owned by Appellee City of Jackson. Guests of the event were assigned to dining tables that were set up on the stage at a distance of approximately eight feet from the edge of the stage. The stage floor is approximately two-and-one-half feet higher than the auditorium floor. Lighting was set up around and above the stage. Ms. Kyle walked through the auditorium and up three steps without difficulty. However, as she stepped onto the stage, Ms. Kyle realized that her table was on the back right area away from the stage front. Although she could have walked around other guests toward her table, Ms. Kyle chose to walk across the stage front. She then stopped to talk to another guest, after which conversation, she turned and fell off the stage onto the auditorium floor. As a result of the fall, Ms. Kyle injured her

foot/ankle.

On August 1, 2009, Ms. Kyle filed suit against the City of Jackson for personal injuries, allegedly resulting from her fall at The Ned. Ms. Kyle asserted that the City had created a dangerous condition that resulted in her injury. Specifically, Ms. Kyle alleged that the City had acted "carelessly and negligently" in: (1) placing the tables and chairs on an elevated platform, where people were walking; (2) permitting the tables and chairs to be and remain on the elevated area, where people were walking; (3) failing to properly light the area; (4) failing to maintain the common areas of the facility, and especially the elevated stage area, in a safe and hazard-free condition; (5) failing to properly and adequately supervise and oversee the facility and stage so as to prevent patrons from falling. On September 1, 2009, the City answered the complaint, denying the material allegations contained therein, and raising, as an affirmative defense, the comparative fault of Ms. Kyle in failing to devote proper and full attention to her surroundings.

The court conducted a bench trial on September 23, 2011. By final judgment, entered on October 12, 2011, the trial court ruled in favor of the City, finding that Ms. Kyle was at least 50% responsible for the accident, thus barring recovery.

Ms. Kyle appeals. The sole issue for review is whether the trial court erred in finding that Ms. Kyle was 50% or more responsible for her accident and resulting injuries?[1]

Because this case was brought under the Governmental Tort Liability Act ("GTLA"), Tennessee Code Annotated Section 29-20-205, *et seq*., the case was tried by the court, sitting without a jury. Tenn. Code Ann. §29-20-307. Accordingly, we review the case *de novo* upon the record, with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)). The apportionment of fault is a question of fact, which the Court of Appeals reviews with a presumption of correctness. *Hocker v. State*, No. E2008–02638–COA–R3–CV, 2009 WL 3518164, at *6 (Tenn. Ct. App. Oct. 30, 2009); *Wilson v. Pickens*, 196 S.W.3d 138 (Tenn.

---

[1] The parties have not raised any issue concerning the *prima facie* case of negligence, i.e., duty, breach, causation, and damages. Rather, the issue presented in this appeal is quite narrow, and concerns only whether the evidence preponderates against the trial court's finding of comparative fault on the part of Ms. Kyle.

Ct. App.2005); *Lewis v. State*, 73 S.W.3d 88, 94–95 (Tenn. Ct. App. 2001).

In *Eaton v. McLain*, 891 S.W.2d 587 (Tenn. 1995), the Tennessee Supreme Court addressed the circumstances, under which a trial or appellate court could hold, as a matter of law, that the plaintiff's degree of fault was equal to or greater than the defendant's. The Court held that, under the system of comparative fault, the percentage of fault assigned to each party:

> should be dependent upon all the circumstances of the case, including such factors as: (1) the relative closeness of the causal relationship between the conduct of the defendant and the injury to the plaintiff; (2) the reasonableness of the party's conduct in confronting a risk, such as whether the party knew of the risk, or should have known of it; (3) the extent to which the defendant failed to reasonably use an existing opportunity to avoid injury to the plaintiff; (4) the existence of a sudden emergency requiring a hasty decision; (5) the significance of what the party was trying to accomplish by the conduct, such as an attempt to save another's life; and (6) the party's particular capacities, such as age, maturity, training, education, and so forth.

*Id*. at 592 (internal citations omitted).

In the instant case, the trial court made specific findings of fact and conclusions of law as required under Tennessee Rule of Civil Procedure 52.01. These findings were incorporated, by reference, into the court's October 13, 2011 order. In relevant part, the trial court found:

> There are some things that the City could have done better in this case. Small lights could have been placed along the edge of the stage, a rope or similar barrier could have been placed along the edge of the stage, or the lighting could have been brighter. However, those things may have diminished the atmosphere that the planners of the event were trying to create.
>
> There is no question that Ms. Kyle is a credible witness and a very nice person. There is also no question that she was severely injured by her fall from the stage. However, credible witnesses testified that she walked up on the stage that was two feet, six inches off the floor. She knew that she was on an elevated stage. She turned to greet a friend. When she turned

back around, she miscalculated her direction and simply stepped off the edge of the stage. No one else at the event had any problem maneuvering along the edge of the stage or making his or her way to the appropriate table. There have been no other reports of similar incidents at The Ned since it opened.

The Court has considered the comparative fault factors. . . . Even if one assumes that the City breached a duty to Ms. Kyle, this Court has concluded that, under comparative fault principles, she is at lease fifty percent or more responsible for her fall from the stage and the resulting injuries.

Turning to the transcript of the evidence, Ms. Kyle testified that she arrived at The Ned around 6:30 p.m. on the night of the accident. She had been there before, but had never been on the stage. Ms. Kyle proceeded up the steps on the left of the stage. There were approximately ten tables set up on the stage, eight rectangular and two round. Ms. Kyle testified that she was in line going around other tables to find her designated table. Ms. Kyle took approximately ten or twelve small steps, then turned to greet a friend. When she turned back around, Ms. Kyle testified that she took a step and then fell off the stage.

Ms. Patricia Alford, a City of Jackson employee since 1977, testified that the lighting for the event was set up by technicians for the City. The lighting included: (1) overhead lighting over the auditorium; (2) overhead lighting on the stage; (3) stage lights projecting light from the auditorium onto the stage; (4) a "gobo" light, which is similar to a spotlight, projecting light from the back of the stage; (5) several decorative trees with lights; (6) six sconce lights—three on each of the sidewalls of the auditorium; and (7) light from the caterer's set-up area beside the stage. Ms. Alford went on to testify that The Ned had hosted numerous events over the years, and had used lighting levels similar to those used at this event, without incident. Ms. Alford further testified that there were no obstacles at the edge of the stage to show patrons the location of the edge; however, she reiterated that the tables were set up at least eight feet from the edge of the stage.

Mr. Kenneth Wylie, a City employee, testified that he helped set up the stage. Mr. Wylie stated that the stage floor was black, and that there were no warnings or railings along its edge. Mr. Wylie saw Ms. Kyle walking along the edge of the stage before she fell. He testified that he saw her turn to greet another guest, turn away, and then turn back to speak to the other guest a second time. When she turned around again, Mr. Wylie testified that Ms. Kyle walked off the stage.

Nancy Choate, an attorney and friend of Ms. Kyle, testified that Ms. Kyle was her guest at the event. Although Ms. Choate testified that she did not see Ms. Kyle fall, she did

-4-

hear the fall. Ms. Choate testified that there were no barriers at the edge of the stage and that the lights were dimmed to create ambiance. Ms. Choate stated that she had no trouble walking or maneuvering around the tables on the stage, but that it was "tight."

In considering the evidence in light of the **Eaton** factors, *supra*, we must agree with the findings of the trial court that Ms. Kyle was at least 50% at fault for the injuries she sustained. There is no evidence that anyone else had difficulty maneuvering between and among the tables, or that anyone else fell from the stage at this event or any other. Moreover, it is clear from the record that Ms. Kyle was cognizant of the fact that the stage was elevated, as she had climbed stairs to get to her table. There is also evidence that it was not necessary for Ms. Kyle to walk along the stage front in order to reach her table. Rather, Ms. Kyle decided to walk along the stage front to visit with another guest, and not because this was the only route to her table. In fact, the more direct route would have avoided the front of the stage. Regardless, it appears from the record that, after speaking with the other guest, Ms. Kyle simply forgot where she was in relation to the edge of the stage, and stepped off the stage. The evidence does not support a finding that more, or different, lighting would have allowed Ms. Kyle to avoid this accident. She did not trip on the stage, and no other guest had difficulty reaching his or her table. From the totality of the facts, and the entire record in this case, we conclude that the weight of the evidence does not preponderate against the trial court's finding that Ms. Kyle was at least 50% at fault in this case.

For the foregoing reasons, the order of the trial court is affirmed. The case is remanded for further proceedings as may be necessary and are consistent with this opinion. Costs of this appeal are assessed against the Appellant, Judy Kyle, and her surety.

_____

J. STEVEN STAFFORD, JUDGE

-5-