# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Submitted On Briefs July 17, 2013 Session

## TIMOTHY L. WILSON v. HANK E. SLEDGE, JR., ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003504-11     John R. McCarroll, Jr., Judge**

_____

**No. W2012-00513-COA-R3-CV - Filed August 29, 2013**

_____

The trial court dismissed this action for professional malpractice based upon the running of the statute of limitations. We affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Timothy L. Wilson, *Pro se*.

Kimberly A. Coffey, Knoxville, Tennessee, for the appellees, Hank E. Sledge, Jr., George Z. Goldberg, Russell A. Dohan, and Goldberg & Dohan, LLC.

## MEMORANDUM OPINION[1]

This is an action for damages arising from alleged professional malpractice. On July 29, 2011, Timothy L. Wilson (Mr. Wilson) filed a complaint in the Circuit Court for Shelby County naming as Defendants Hank E. Sledge, Jr. (Mr. Sledge); George Z. Goldberg (Mr. Goldberg); Russell A. Dohan (Mr. Dohan); Goldberg & Dohan, LLC ("Goldberg and

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Dohan" or "the firm"); and Does one through fifty (collectively, "Defendants"). In his complaint, Mr. Wilson asserted that in April 2004 he was injured in the course of employment with Memphis Light, Gas & Water ("MLGW") while attempting to read a meter; that he retained Mr. Sledge and Goldberg & Dohan to represent him in his claim for workers' compensation benefits; that Mr. Sledge filed a complaint for workers' compensation benefits on his behalf in May 2007; and that on or about April 29, 2010, Mr. Sledge moved for a consent order dismissing the claim for workers' compensation benefits. Mr. Wilson alleged that Mr. Sledge moved for the consent order dismissing Mr. Wilson's claim without Mr. Wilson's authority or consent. He further alleged that he had no knowledge that Mr. Sledge would move for an order dismissing the 2007 complaint; that Mr. Sledge did not advise him that he had moved for dismissal of the claim and concealed that the trial court had granted dismissal of the matter with prejudice; and that Mr. Sledge "repeatedly made misrepresentations to [Mr. Wilson] that [the] case was progressing as planned and that he needed to stay the course as he would soon be getting a huge award." Mr. Wilson alleged that Mr. Sledge engaged in a "cover-up" with respect to dismissal of the claim for workers' compensation benefits from April 2010 until mid-August 2010. He alleged that he had sustained injury and loss as a result of Mr. Sledge's conduct, and asserted claims against Mr. Goldberg, Mr. Russell, and Goldberg & Dohan under theories of partnership, agency, and respondeat superior. Mr. Wilson prayed for compensatory damages in the amount of $250,000 and for punitive damages in an amount not exceeding $2,000,000.

On October 5, 2011, Defendants filed a motion to dismiss the complaint based upon the expiry of the statute of limitations. In their attached memorandum, Defendants asserted that Mr. Wilson had suffered an on-the-job injury on June 15, 2004; that the injury was sustained on a site owned and operated by third-party CTS Duratek ("Duratek"); that on December 20, 2004, Mr. Wilson settled his action for workers' compensation benefits against MLGW, retaining his right to expenses for future medical treatment for the June 2004 injury. Defendants further asserted that none of them represented Mr. Wilson in connection with the June 2004 on-the-job injury; that, as a result of the injury, Mr. Wilson filed a personal injury action against Duratek; that Mr. Wilson was represented by Robert Spence (Mr. Spence) in his action against Duratek; and that MLGW held a subrogation interest in Mr. Wilson's action against Duratek. Defendants asserted that on June 25, 2005, and July 21, 2006, Mr. Wilson suffered two subsequent on-the-job "incidents" while working for MLGW; and that Mr. Wilson retained Goldberg & Dohan to represent him with respect to claims arising from the 2005 and 2006 incidents. Defendants asserted that Mr. Wilson did not retain Goldberg & Dohan until after the benefit review process was exhausted, and that the firm filed a timely workers' compensation claim against MLGW.

Defendants asserted that, following mediation with Duratek in which Mr. Wilson was represented by Mr. Spence and in which MLGW participated to protect its subrogation

interest, an agreement was reached in which MLGW agreed to significantly reduce its subrogation interest in return for Mr. Wilson's agreement to dismiss with prejudice the workers' compensation claim filed by Goldberg & Dohan. Defendants filed the January 2010 post-mediation agreement signed by Mr. Wilson as an exhibit. Defendants also filed written correspondence from Mr. Spence to Mr. Sledge dated March 10, 2010, informing Mr. Wilson that his action against Duratek had been mediated and settled; that MLGW had been permitted to join the action to protect its subrogation interest; and that Mr. Wilson had agreed to dismiss the lawsuit against MLGW that had been filed by Defendants. Defendants additionally filed April 2010 correspondence from Mr. Sledge to Mr. Wilson confirming that it was Mr. Wilson's intention that Mr. Sledge execute a consent order of dismissal with prejudice of the workers' compensation action, and April 2010 correspondence from Mr. Sledge to Mr. Spence to which the executed order of dismissal with prejudice was attached.

Defendants asserted that no communication was received from Mr. Wilson following their April 2010 letter to him until they were served with a summons for the present action. Defendants asserted that Mr. Wilson's action was barred by the applicable one-year statute of limitations contained at Tennessee Code Annotated § 28-3-104(a)(2). They further asserted that Mr. Wilson had failed to state a claim where his signature on the January 2010 post-mediation agreement evidenced that he agreed to dismissal of the workers' compensation claim. It is undisputed that a consent order of dismissal with prejudice was entered in the matter on April 29, 2010.

On October 17, 2011, Mr. Wilson moved for a default judgment and on October 19, 2011, he responded to and moved to strike Defendants' motion to dismiss. In December 2011, Mr. Wilson filed a motion asserting that the post-mediation agreement document submitted by Defendants was "a forgery regarding Plaintiff['s] alleged signature" and praying the court to not consider Defendants' motion as one for summary judgment. Following a hearing on January 12, 2012, the trial court found that the January 2010 post-mediation agreement was valid, binding and admissible, and that Mr. Wilson had filed his complaint beyond the one-year limitations period. The trial court granted Defendants' motion and dismissed the action by order entered February 7, 2012.

On February 9, 2012, Mr. Wilson filed a motion to alter or amend the judgment pursuant to Tennessee Rule of Civil Procedure 59.04. On February 12, 2012, Mr. Wilson filed a Rule 60 motion for relief from the order granting summary judgment on the ground of newly discovered evidence. Following a hearing on March 2, 2012, the trial court denied Mr. Wilson's motion to alter or amend and all other pending motions by order entered March 19, 2012. Mr. Wilson filed a timely notice of appeal to this Court.

## Issues Presented

Mr. Wilson raises the following issue for our review, as stated by him:

(1)     Whether the trial court erred in entering Defendants a summary judgment where the summary [judgment] evidence critical to the motion for summary [judgment] was not admissible?

(2)     Whether the trial court erred in granting Defendants' motion for summary [judgment] based upon the running of the applicable statute of limitations.

## Standard of Review

When a trial court considers matters outside of the pleadings, a motion to dismiss is converted to a motion for summary judgment. *E.g., Adams TV of Memphis v. ComCorp of Tenn.,* 969 S.W.2d 917, 920 (Tenn. Ct. App.1997). In their briefs, the parties agree that the standard of review applicable to summary judgments is appropriate in this case, and upon review of the record we agree. Additionally, because Mr. Wilson filed this action after July 1, 2011, Tennessee Code Annotated § 20-16-101 guides our review of this matter. The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>         (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>         (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20–16–101 (Supp. 2012). Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn. 1993). We review an award of summary judgment *de novo,* with no presumption of correctness for the determination of the trial court. *Martin v. Norfolk S. Ry. Co.,* 271 S.W.3d 76, 84 (Tenn. 2008).

## Discussion

There is no dispute that the injury complained of by Mr. Wilson is the dismissal of his

action against MLGW. This injury occurred on April 29, 2010. Further, the trial court entered judgment in favor of Defendants based on the expiry of the one-year limitations period. Thus the only issue presented by this appeal, as we perceive it, is whether, under the discovery rule, a genuine issue of material fact exists regarding whether Mr. Wilson knew or reasonably should have known of the alleged injury prior to July 30, 2010, where he filed his complaint on July 29, 2011.

The one-year limitations period applicable to legal malpractice actions is subject to the discovery rule. *Wilson v. Pickens*, 196 S.W.3d 138, 142 (Tenn. Ct. App. 2005). Under the discovery rule, a plaintiff's action accrues from the time he knows, or in the exercise of reasonable care should know, that he has suffered an injury as a result of a defendant's wrong-doing. *Id.* (citation omitted) The knowledge of injury may be actual or constructive. *Id*. Constructive knowledge may be found when the plaintiff is aware of facts that reasonably put him on notice that the defendant's conduct has caused him an injury. *Id*.

> It is not necessary that the plaintiff know that the defendant's conduct was, in fact, below the standard of care, and the plaintiff may not delay the filing of a suit until all the consequences of the alleged malpractice are actually known. Thus, the plaintiff must be aware of facts which reasonably put him on notice that he has suffered an injury and that the injury resulted from the alleged professional negligence.

*Id*. (citations omitted).

In his brief, Mr. Wilson submits the signature on the January 2010 post-mediation agreement purporting to be his is a forgery, and that he had not seen paragraph 3 of the agreement prior to litigation of this matter. He further submits that, assuming *arguendo* the signature on the agreement is his, paragraph 3 of the agreement provides that the agreement is inadmissible where it states: "the parties agree that all mediation and all related proceedings are non-discoverable and inadmissible in any litigation." He asserts that the agreement must be construed as a contract, and that the provisions regarding admissibility are binding on the parties. Mr. Wilson also asserts that the trial court based its determination upon credibility determinations that were inappropriate at the summary judgment stage of the proceedings.

Defendants, on the other hand, assert that Mr. Wilson testified at an initial hearing in November 2011 and at the January 2012 hearing of the matter that the signature on the post-mediation agreement is his. Defendants further assert that any reference to inadmissibility contained on the agreement refers to the mediation proceedings themselves, and not to the executed agreement. Defendants further assert that Mr. Wilson has offered no proof of the

fraudulent concealment pled in his complaint.

Upon review of the record, we observe that the 2010 post-mediation agreement contained in the exhibits does not appear to include the language relied upon by Mr. Wilson. Rather, the agreement provides that Duratek pay $115,000 plus mediation costs to Mr. Wilson; that Mr. Wilson pay $10,000 to MLGW in fulfillment of its lien; that Mr. Wilson dismiss his action against MLGW with prejudice; that the agreement is final and binding upon the parties; and that it is enforceable in any court of law in the jurisdiction. Further, assuming that the provision as worded by Mr. Wilson is contained on a portion of the agreement not contained in the record, we agree with Defendants that it unambiguously references the mediation proceedings, and not the contract itself. As emphasized by Mr. Wilson, the agreement is contractual in nature and, by its terms, is enforceable in a court of law. We cannot fathom how a court might enforce a contract which was not admissible as evidence.

Upon review of the record, we also observe that Mr. Wilson testified at the January 2012 hearing of this matter that he signed the post-mediation agreement provided to him by Mr. Spence, but not "the one that they turned into the Court." Mr. Wilson did not deny receiving the mediated settlement from Duratek. On the contrary, Mr. Wilson testified that he received and cashed the settlement check from Duratek; that he knew that it resulted from the settlement agreement; and that he and his wife had received the April 2010 correspondence from Mr. Sledge and Mr. Spence informing him of the post-mediation events that gave rise to this lawsuit. In his April 22, 2010, letter to Mr. Wilson, Mr. Sledge clearly stated that he had signed the consent order dismissing the lawsuit against MLGW and that he had forwarded it to Mr. Spence, who had agreed to enter it with the court. Mr. Wilson also testified that he received a letter from Mr. Spence on or about May 12, 2010, providing him with a copy of the April 29, 2010, order of dismissal.

In light of the entirety of the record, we affirm summary judgment in favor of Defendants based on expiry of the one-year limitations period. The undisputed portions of this record demonstrate that Mr. Wilson had actual knowledge in mid-May 2010, at the latest, that his action against MLGW had been dismissed on April 29 where Mr. Wilson testified that he received Mr. Spence's letter and a copy of the order in May 2010. Thus, Mr. Wilson undisputedly filed the current action beyond the limitations period where he filed it on July 29, 2011.

### *Holding*

In light of the foregoing, we affirm the trial court's judgment dismissing this action based upon the expiry of the one-year limitations period. Costs of this appeal are taxed to

the Appellant, Timothy L. Wilson.  This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.

_____
DAVID R. FARMER, JUDGE